**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
:
MICHAEL ROULEAU,                     :
                                     :        Civil Action No.
             Plaintiff,              :        10-3804 (RBK)
                                     :
        v.                           :
                                     :        **ORDER**
OFFICER JOHN ELWELL et al.,          :
                                     :
             Defendants.             :
_____ :

IT APPEARING THAT:

1. Plaintiff, a state prisoner, submitted for filing his civil complaint ("Complaint") and application to proceed in this matter in forma pauperis. See Docket Entries Nos. 1 and 3. The Court granted Plaintiff in forma pauperis status, screened the Complaint for sua sponte dismissal and directed service upon Defendants. See Docket Entry No. 5. The United States Marshal duly executed said service on July 1, 2011. See Docket Entries Nos. 6 and 9.

2. Although the Court's order directing service provided, in no ambiguous terms, that Defendants were obligated to "file and serve [their] responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2)," Docket Entry No. 5, at 2, no responsive pleading has been filed in this matter. See, generally, Docket.

3. On April 30, 2012, Plaintiff properly requested and obtained the Clerk's entry of default.  See Docket Entry No. 22.  Plaintiff then duly moved for entry of default judgment.[1]  See Docket Entry No. 25.

4. The decision to deny a default judgment "lies within the discretion of the district court."  Hurst v. Rehoboth Beach, No. 03-362, 2005 U.S. Dist. LEXIS 5550, 2005 WL 823867, at *9 (D. Del. Mar. 31, 2005) (citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), and Jorden v. National Guard Bureau, 877 F.2d 245, 250 (3d Cir. 1989)).  However, in determining whether entry of default judgment is appropriate, district courts must consider the Court of Appeals' "well-established policy of 'disfavoring default judgments and encouraging decisions on the merits.'"  Husain v. Casino Control Comm'n, No. 07-3636, 265 F. App'x 130, 133 (3d Cir. 2008) (quoting Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 981 (3d Cir. 1988)); see also Budget Blinds, Inc.

---

[1] A "plaintiff may seek the Court's entry of default judgment under either [subpart of] Rule 55(b)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-5122, 2008 U.S. Dist. LEXIS 28324, at * 19 (D.N.J. Apr. 7, 2008) (citing Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc., No. 05-1031, 175 F. App'x 519, 521, n.1 (3d Cir. 2006)).  Default judgment ensues from a party's failure "to plead or otherwise defend" against the allegations of his opponent.  Id. at *18-19 (detailing the first step of default procedure under Fed. R. Civ. P. 55(a)).

    v. White, 536 F.3d 244, 258 (3d Cir. 2008) ("We acknowledge that default judgments are generally disfavored in our circuit.") (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), and Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)); accord Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) ("The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred.").

5. Here, the Court notes its grave concern with Defendants' failure to file and serve a responsive pleading. However, the drastic remedy of default appears unwarranted at this juncture. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions."). Out of abundance of caution, the Court will direct service of this Order upon Defendants while reserving resolution of Plaintiff's motion. IT IS, therefore, on this ___15th___ day of ___May___, 2013, ORDERED that the Court's adjudication of Plaintiff's motion for default judgment is reserved, and the Clerk shall designate Docket Entry No. 25 as no longer pending; and it is further

ORDERED that the United States Marshal shall serve a copy of the Complaint, Docket Entry No. 3, and this Order upon each Defendant named in this matter except for the Wildwood Police Department,[2] pursuant to 28 U.S.C. § 1915(d); and it is further

ORDERED that the Clerk shall terminate the Wildwood Police Department as Defendant in this matter; and it is further

ORDERED that the remaining Defendants shall file and serve their responsive pleading within sixty days from the date of entry of this Order.  No extension of time to file and serve Defendants' responsive pleading shall be sought and none will be granted; and it is further

ORDERED that, in the event Defendants fail to file and serve their responsive pleading within sixty days from the date of entry of this Order, Plaintiff shall file with the Clerk his written statement informing the Court of the same and requesting renewal of his motion for default judgment;[3] and it is finally

ORDERED that the Clerk shall serve this Order upon Plaintiff

---

[2] A police department is not a "person" subject to suit under § 1983.  See Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 825-26 (D.N.J. 1993); see also Jones v. Vineland Police Dep't, No. 10-3220, 2011 U.S. Dist. LEXIS 19671, at *9 (D.N.J. Feb. 28, 2011).

[3] The Court is mindful of Plaintiff's pro se litigant status and, therefore, takes this opportunity to inform Plaintiff that his written statement need not be reduced to a formal motion and a submission executed in layperson language would suffice.

by regular U.S. mail.

                                             <u>S/Robert B. Kugler</u>
                                             **ROBERT B. KUGLER**
                                             **United States District Judge**