UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL ROULEAU,

   Plaintiff,

v.

OFFICER JOHN ELWELL, et al.,

   Defendants.

Civ. No. 10-3804 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court upon *pro se* plaintiff's motion for default judgment against defendants Officer John Elwell and Officer Stevens. Plaintiff alleges that the defendants violated his constitutional rights to be free from an unlawful seizure when he was stopped and questioned by these officers on January 16, 2010, and because these officers utilized excessive force against him in effectuating an arrest. For the reasons expressed below, the motion for default judgment will be granted, but only on plaintiff's excessive force claim.

## II. BACKGROUND

Plaintiff is a state prisoner currently incarcerated at the Northern State Prison in Newark, New Jersey. In July, 2010, he submitted his initial *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On November 17, 2010, the Court administratively terminated this action, but gave plaintiff leave to file an amended complaint. (*See* Dkt. No. 2.) Petitioner submitted an amended complaint in December, 2010. In the amended complaint, petitioner claims that on January 16, 2010, he was asked to leave a bar in Wildwood, New Jersey. He states that he complied and left the establishment but was soon thereafter stopped and questioned by

1

Wildwood police. The police let him proceed home, but a few minutes later he was stopped again, this time by defendants Elwell and Stevens. The defendants questioned him and subsequently arrested him for causing a disturbance. While arresting him, the defendants:

> proceeded to take [plaintiff] to the ground. As he was falling to the ground [plaintiff] tucked his arm under his body to protect his fall. He was then struck by the officer(s) three times to the rib area, he was screaming and trying to protect himself. It was then that PTL. Stevens, with the help of PTL. Elwell, punched [plaintiff] with a closed fist to the side of the head.

(Dkt. No. 3 at p. 5-6.) Plaintiff claims that the defendants violated his Fourth Amendment rights when they initially stopped him because he had already been stopped and questioned by police who had released him. He also claims that the defendants used excessive force in effectuating the arrest.

On June 1, 2011, the Court screened the amended complaint and ordered that it be filed and served on defendants Elwell and Stevens.[1] (*See* Dkt. No. 5.) The summonses to Elwell and Stevens were returned as executed on July 7, 2011. (*See* Dkt. No. 9.) Elwell and Stevens did not file a responsive pleading to the amended complaint. Accordingly, on April 30, 2012, plaintiff requested an entry of default which was granted by the Clerk against the defendants. (*See* Dkt. No. 22.) Thereafter, on December 13, 2012, plaintiff filed a motion for default judgment. (*See* Dkt. No. 25.) On May 16, 2013, the Court ordered that judgment on plaintiff's motion for default judgment be reserved and ordered the United States Marshal to reserve Elwell and Stevens with a copy of the amended complaint. (*See* Dkt. No. 26.) The court ordered re-service on these two defendants out of an abundance of caution.

---

[1] At that time, the Court also ordered that the complaint be served on the Wildwood Police Department. However, the Wildwood Police Department was terminated as a defendant on May 16, 2013, because it is not a "person" for purposes of § 1983 liability. (*See* Dkt. No. 26.)

On July 2, 2013, the summonses were once again returned as executed as to Elwell and Stevens. (*See* Dkt. No. 28.) To date, neither defendant has submitted a responsive pleading to the amended complaint. Thereafter, on July 29, 2013, plaintiff submitted another motion for default judgment. (*See* Dkt. No. 29.)

### III.  DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) permits a court, upon a motion by plaintiff, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. While the District Court has discretion to enter default judgment, it is the well-established preference that cases be decided on the merits rather than by default judgment whenever practicable. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003) (citations omitted).

A. <u>Jurisdiction</u>

First, the Court must determine whether it has subject matter jurisdiction over plaintiff's amended complaint and personal jurisdiction over the defendants. *See Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension Apprenticeship & Training Annuity v. Ramco Solutions*, No. 11-4976, 2013 WL 4517935, at *2 (D.N.J. Aug. 26, 2013) (stating that first step in analyzing motion for default judgment is whether court has subject matter jurisdiction over the complaint and personal jurisdiction over the defendants) (citing *U.S. Life Ins. Co. in City of New York v. Romash*, No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010)). In this case, plaintiff alleges Elwell and Stevens violated his constitutional rights and are liable under 42 U.S.C. § 1983. The Court therefore has federal question subject matter jurisdiction over the complaint. *See* 28 U.S.C. § 1331. Additionally, the Court has personal jurisdiction over Elwell and Stevens.

They are Wildwood Police Officers. The purported actions of these defendants which give rise to the complaint occurred in New Jersey as well.

B. Entry of Default

Next, the Court must ensure that the entry of default under Federal Rule of Civil Procedure 55(a) was appropriate. Federal Rule of Civil Procedure 55(a) directs the Clerk of Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Elwell and Stevens were properly served with a summons and the amended complaint on June 23, 2011.[2] (*See* Dkt. Nos. 9.) Thereafter, they failed to respond to the amended complaint within twenty-one days of service as required by Federal Rule of Civil Procedure 12(a). Thus, the Clerk's entry of default on April 30, 2012 was appropriate.

C. Plaintiff's Causes of Action

The Court must also determine whether the amended complaint states a proper cause of action against the defendants. "In conducting this inquiry, the Court accepts as true a plaintiff's well-pleaded factual allegations while disregarding its legal conclusions." *Ramco Solutions*, 2013 WL 4517935, at *3 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2688, at 63 (3d ed. 1998))). While factual allegations of a complaint are accepted as true as a consequence of the entry of default judgment, allegations related to damages are not. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). In this case, the Court finds that plaintiff does not state a proper

---

[2] As previously stated, out of an abundance of caution, the defendants were reserved on June 28, 2013.

cause of action for unlawful seizure. However, plaintiff has stated a proper excessive force claim.

      i.      *Unlawful Seizure*

The Fourth Amendment of the United States Constitution prohibits "unreasonable searches and seizures." U.S. CONST. amend. IV. "To establish an unlawful search and seizure under the Fourth Amendment, a plaintiff must show that the defendant's actions: (1) constituted a "search" or "seizure" within the meaning of the Fourth Amendment, and (2) were "unreasonable" in light of the surrounding circumstances." *Williams v. Temple Univ.*, No. 04-831, 2011 WL 2516234, at *3 (E.D. Pa. June 21, 2011) (citing *Browner v. Cnty. of Inyo*, 489 U.S. 593, 595-600 (1989)). A seizure occurs "when [a police officer], by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19-20 n.16 (1968). The "show of authority" test "is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person." *California v. Hodari D.*, 499 U.S. 621, 628 (1991).

In this case, plaintiff alleges that upon being stopped by the defendants he was unable to leave. The Court finds that this allegation sufficiently states that plaintiff was "seized."

However, plaintiff must also show that the seizure was unreasonable in light of the surrounding circumstances. The Supreme Court has stated that the warrantless seizure of a person for a brief investigatory detention is reasonable absent a warrant, provided the officer had "a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citation omitted). "Reasonable suspicion is an objective standard requiring "particularized justification." *See United States v. Crandell*, 554 F.3d 79, 84 (3d Cir. 2009)

(citing *United States v. Mendenhall*, 446 U.S. 544, 551 (1980)). "'Reasonable suspicion [required for a *Terry* stop] is a less demanding standard than probable cause [necessary for an arrest] and requires a showing considerably less than preponderance of the evidence . . . . [R]easonable suspicion can arise from information that is less reliable than that required to show probable cause.'" *Id.* (quoting *United States v. Valentine*, 232 F.3d 350, 253 (3d Cir. 2000).

The Court finds that the amended complaint fails to state that the defendants lacked reasonable suspicion to initially stop plaintiff. The amended complaint appears to base the lack of reasonable suspicion on the fact that plaintiff was previously stopped and questioned by police a few minutes prior to when defendants stopped and questioned him. However, the factual allegation that plaintiff had previously been stopped, questioned and released, in and of itself, does not relate to any purported lack of reasonable suspicion that defendants Elwell and Stevens may have had several minutes later. As the complaint fails to allege that Elwell and Stevens lacked reasonable suspicion for the investigatory stop at the time of the stop, plaintiff fails to state an unlawful seizure claim.

Accordingly, plaintiff is not entitled to default judgment on his unlawful seizure claim.

ii.  *Excessive Force*

Plaintiff also alleges that he was subjected to excessive force when the defendants arrested him. Excessive force claims during arrests and investigatory stops are governed by the Fourth Amendment. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In analyzing an excessive force claim, the defendant's use of force is analyzed to determine whether it was objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 397. Analyzing the reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of

the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Plaintiff alleges that he was taken to the ground by the defendants and then struck three times in the rib area as well as punched in the face. The allegations also suggest that plaintiff was not doing anything to provoke this treatment by the defendants. These allegations of the amended complaint sufficiently state an excessive force claim.

D. *Emcasco* Factors

Before granting plaintiff's motion for default judgment, the Court must also consider the *Emcasco* factors which are: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). For the following reasons and after applying these factors, default judgment is appropriate on plaintiff's excessive force claim.

First, there is no indication that defendants have a meritorious defense to plaintiff's excessive force claim. Thus, this factor is either inconclusive or weighs slightly in favor of plaintiff. *See Hill*, 69 F. App'x at 52 ("Because the defendants had not yet filed an answer, the District Court was unable to evaluate whether they had a litigable defense [rendering this] factor . . . inconclusive."); *Ramco Solutions*, 2013 WL 4517935, at *4 (considering the meritorious defense *Emasco* factor and stating that it is either inconclusive or weighs slightly in favor of plaintiff where there is nothing to suggest that defendant had a cognizable defense when they did not file an answer) *Dish Network L.L.C. v. Rounds*, No. 11-241, 2012 WL 1158798, at *3 (D.N.J.

Apr. 6, 2012) (considering the *Emasco* factors and noting that in light of defendant's failure to respond to the complaint in any manner, that there is nothing to suggest that defendant had a meritorious defense). Second, because defendants completely failed to answer the complaint or otherwise appear, plaintiff will suffer prejudice if he does not receive a default judgment because he has no other means of vindicating his claim against the defaulting parties. *See Ramco Solutions*, 2013 WL 4517935, at *4 (citing *Asher*, 2006 WL 680533, at *2). Finally, the defendants failure to respond permits the Court to infer culpability on their part. *See id.* (citing *Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008)). Therefore, the *Emasco* factors favor entering default judgment.

E. <u>Damages</u>

Plaintiff seeks compensatory damages in the amount of $500,000 and punitive damages in the amount $500,000. The Court is not bound to accept as true plaintiff's damage allegations. *See Comdyne I*, 908 F.2d at 1149. Accordingly, the proper damage award will have to be determined at a later hearing. *See* FED. R. CIV. P. 55(b)(2)(B).

Plaintiff also seeks dismissal of his state charges of resisting arrest. A review of plaintiff's information on the New Jersey Department of Corrections website indicates that he was sentenced for resisting arrest on March 3, 2011. *See* https://www6.state.nj.us/DOC_Inmate/details?x=1369903&n=0 (last visited October 9, 2013). To the extent that plaintiff is challenging the fact or duration of his incarceration for the resisting arrest conviction, a § 1983 complaint is not appropriate; "[r]ather, habeas corpus is the appropriate remedy where a prisoner challenges the validity of his conviction or incarceration." *Walke v. Cullen*, 491 F. App'x 273, 276 n.3 (3d Cir. 2012) (per curiam) (citing *Preiser v.*

*Rodriguez*, 411 U.S. 475, 489 (1973)).  Thus, this specific damage request will not be considered at the future damages hearing.

## IV. CONCLUSION

In light of the foregoing analysis, the Court finds that plaintiff is entitled to default judgment against defendants Elwell and Stevens on plaintiff's excessive force claim, but not his unlawful seizure claim.  Thus, the Court will grant plaintiff's motion for default judgment in part and direct plaintiff to appear for a hearing to determine a proper award of damages.  At that damages hearing, plaintiff should be prepared to submit proof of his damages regarding his excessive force claim.  An appropriate order will be entered.


DATED:   October 16, 2013                                       s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge